was plaintiff's imperative duty, upon discovery of the infirmity in the beam fastening, to either make the necessary alteration—the expense of which would have been trifling—or to notify defendant to do so, in the meantime discontinuing the use of the conveyor in its unsafe condition.  In any view of the case, there can be no escape from the conclusion that plaintiff was flagrantly careless in this regard, and that its negligent conduct was the proximate cause of the fatal accident.  Manifestly, therefore, the court erred in directing a verdict for the plaintiff in the sum of $6,717.40, and in refusing to direct a verdict for the defendant. Accordingly, the judgment will be reversed.

*Reversed.*

---

**Wood Street Planing Mill Company, Appellant, v. Industrial Board of Illinois et al., Appellees.**

**Gen. No. 21,941.  (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1915.  Affirmed.  Opinion filed February 9, 1917.  *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Petition by Wood Street Planing Mill Company, petitioner, against J. B. Vaughn, Peter J. Angsten and Robert Eadie, Industrial Board of Illinois, for a writ of certiorari to review proceedings before that Board under the Workmen's Compensation Act [Cal. Ill. St. Supp. 1916, ¶ 5475(1) *et seq.*], wherein an award

of $3,500 was made as compensation for the death of one Charles Brichacek. From a judgment quashing the writ of certiorari and dismissing the petition, petitioner appeals.

JOHN A. BLOOMINGSTON, for appellant.

DAVID K. TONE, for appellees.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

1. WORKMEN'S COMPENSATION ACT, § 13*—*when findings of Industrial Board will not be disturbed.* Where the evidence before the Industrial Board upon which an award was based was conflicting as to whether the deceased was engaged in the course of his employment when he was killed, but was sufficient from which to reasonably infer that he was then so employed, *held*, on a petition for a writ of certiorari to review such award, that as the statute has conferred on said Board the sole right to pass upon questions of fact and the credibility of witnesses, the Appellate Court was powerless to disturb its findings, notwithstanding the Board attached undue weight to suspicious circumstances.

2. WORKMEN'S COMPENSATION ACT, § 12*—*when evidence is sufficient to show that employee was killed while engaged in the course of his employment.* In proceedings before the Industrial Board under the Workmen's Compensation Act [Cal. Ill. St. Supp. 1916, ¶ 5475(1) *et seq.*], to recover compensation for the death of an employee, evidence *held* sufficient from which to reasonably infer that the deceased was when killed engaged in the course of his employment while operating a ripsaw in his employer's planing mill.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.